**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE THE BANKRUPTCY ESTATE OF | No. 22-10701<br>Chapter 7 |
| JACOB BLETNITSKY,<br>*Debtor*. | Hon. Jacqueline P. Cox |

**MOTION TO EXTEND DEADLINES TO SEEK DENIAL
OF DISCHARGE/DISCHARGEABILITY OF DEBTOR, JACOB BLETNITSKY**

NOW COME Creditors, Dr. Stephen Lippitz ("Dr. Lippitz") and Serge Burashko ("Burashko," and together with Dr. Lippitz, the "Creditors"), by and through their respective counsel and pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois, and respectfully requests that this Honorable Court enter an Order substantially in the form submitted herewith extending by at least sixty (60) days (i.e., to February 17, 2023) the deadlines (collectively, the "Deadlines") for Creditors to (a) file a complaint to deny Jacob Bletnitsky's (the "Debtor") discharge under § 727 of the United States Bankruptcy Code and (b) file a complaint to have the claims the Debtor owes Creditors be declared nondischargeable under one or more of the provisions of 11 U.S.C. § 523. In support of this Motion and the relief requested herein, Creditors state as follows:

**JURISDICTION AND BACKGROUND**

1. The Court has jurisdiction over this Motion pursuant to, among other things, 28 U.S.C. § 1334.

2. The consideration of this Motion is a core matter under 28 U.S.C. § 157.

3. On September 19, 2022, Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (the "Bankruptcy Code").

4. In Schedule E/F of Debtor's Petition, Debtor states that he owes Dr. Lippitz $1,126,656.82 as the result of the entry of a judgment entered against Debtor (the "Lippitz Judgment"). Debtor further states that he owes Burashko $750,000 as a result of a judgment entered against Debtor (the "Burashko Judgment").

5.      Prior to September 19, 2022, and in connection with their respective Judgments, Dr. Lippitz and Burashko previously issued and served Citations upon Debtor, thereby each creating a Citation Lien.

6.      Norman B. Newman was appointed as the Chapter 7 Trustee in the Case.

7.      The Debtor's bankruptcy schedules reveal that he allegedly has a negligible amount of money (close to $0) in liquid assets and certain ownership interests in real property. However, that real property serves as security for debt in an amount that exceeds the value of that real property. For all intents and purposes, the real property is under water. Debtor's only other asset having any purportedly significant value is his 24% interest in a limited liability company (Russland Capital Group – South Loop LLC). Notably, the alleged estimated value of that interest has yet to be substantiated.

8.      Although Debtor claims that he has little to no money, he has received literally millions of dollars in alleged personal and business loans over the course of the past ten years. Debtor has also had a 50% ownership interest in a cosmetic dental lab, and has been gainfully employed by that business during that same time frame. Simply put, Debtor's Petition raises many more questions than it answers.

9.      On September 19, 2022, the Court indicated that the last day to object to the Debtor's discharge is December 19, 2022. *See* Dkt. No. 6.

10.      The initial Meeting of Creditors was scheduled for and took place on October 19, 2022.

11.      On October 26, 2022, the Creditors filed their Motion for the Rule 2004 Examination *Duces Tecum* of Debtor seeking the production of documents by Debtor and the Rule 2004 Examination of Debtor. *See* Dkt. Nos. 19-23.

12.      On November 8, 2022, the Court granted the Creditors' Motion for Rule 2004 Examination. *See* Dkt. No. 25.

13.      On November 9, 2022, Creditors served their Notice of Rule 2004 Examination *Duces Tecum* upon Debtor seeking the production of the responsive documents on or before November 30, 2022.

**ARGUMENT**

14. Creditors anticipate that Debtor will (or at least should) produce a large volume of documents that will need to be reviewed and analyzed prior to the Rule 2004 oral examination of Debtor. It is also possible that Creditors will need to seek the Court's assistance to enforce all or a portion of Movant's Notice of Rule 2004 Examination *Duces Tecum*. Still further, Creditors anticipate needed to issue third-party *subpoenas duces tecum* in order to obtain all relevant documents regarding Debtor and his financial affairs.

15. Creditors need to review and analyze the responsive documents, any third-party documents and take Debtor's Rule 2004 oral examination to fully investigate Debtor's financial affairs and determine whether there are grounds to file an adversary proceeding seeking to deny his general discharge and/or deny his ability to discharge the specific debts owed to Creditors.

16. A complaint objecting to the Debtor's general discharge or Debtor's ability to discharge a particular debt currently needs to be filed on or before December 19, 2022.

17. In light of the anticipated volume of Debtor's production of documents, the potential disputes that may occur regarding the scope of Debtor's production, the time needed to review and analyze the responsive documents and any third-party documents and the upcoming holidays, the current deadline of December 19, 2022, does not provide Creditors with sufficient time to perform their full investigation of Debtor's financial affairs and prepare, if warranted, the necessary complaint(s) against Debtor objecting to his general discharge or his ability to discharge particular debts.

18. For the reasons set forth above, good cause exists to extend the Deadlines in this Bankruptcy Case by 60-days, i.e., to February 17, 2023. Creditors' request also is timely because this motion is being filed before the Deadlines have expired.

WHEREFORE, Creditors, Dr. Stephen Lippitz and Serge Burashko, request that the Court enter an Order which (i) extends the Deadlines for at least sixty (60) days for Creditors to file an adversary complaint or adversary complaints against Debtor seeking to deny Debtor's general discharge and/or to obtain a determination that the debts owed to one or both Creditors is

nondischargeable and (ii) grants Creditors such other and further relief as this Court deems just and proper.

Dated: November 28, 2022

                              Respectfully submitted,

                              CREDITOR, DR. STEPHEN LIPPITZ

                              /s/ *Richard A. Saldinger*
                              One of Creditor Dr. Lippitz's Attorneys

                              CREDITOR, SERGE BURASHKO

                              /s/ *Edward M. Rothschild*
                              One of Creditor Serge Burashko's Attorneys

Richard A. Saldinger (ARDC No. 6209930)
Landsman Saldinger Carroll, PLLC
Attorney for Creditor, Dr. Stephen Lippitz
161 N. Clark, Suite 1600
Chicago, IL  60601
Tel. (312) 291-4650
saldinger@lsclegal.com

Edward M. Rothschild (ARDC No. 2403196)
Attorney for Creditor Serge Burashko
16 Monterey Drive
Vernon Hills, Il 60060
Telephone 847 220-5600
edwardrothschild66@gmail.com