**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 22-10701 |
| Jacob Bletnitsky, | ) | Honorable Jacqueline P. Cox |
| | ) | Hearing Date: Tues. Jan. 17, 2023 |
| Debtor. | ) | at 1:00 p.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Tuesday January 17, 2023, at 1:00 p.m. (Central)**, I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the **Trustee's Motion for Authority to Sell Debtor's and Estate's Right, Title and Interest in Counterclaim,** a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 273 2896, and the passcode is 778135. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By:   /s/ Norman B. Newman
      Norman B. Newman, Trustee

Norman B. Newman, ARDC No. 2045427
SUGAR FELSENTHAL GRAIS & HELSINGER LLP
30 N. LaSalle St., Suite 3100
Chicago, Illinois 60602
Telephone: 312.704.9400

4880-1582-3685

**Certificate of Service**

      I, Norman B. Newman, an attorney, certify that on December 21, 2022, I caused to be served a true copy of the attached **Trustee's Motion for Authority to Sell Debtor's and Estate's Right, Title and Interest in Counterclaim** together with attachments (a) via the Court's CM/ECF notification system, which delivers notice to the persons listed in the CM/ECF Service List below, and (b) upon the persons in the Mail Service List below by Regular, First Class United States Mail, postage fully pre-paid, addressed as stated in the list, deposited in the U.S. Mail at 30 N. LaSalle St., Chicago, Illinois.

                                                               /s/Norman B. Newman

**CM/ECF Service List**

- **David Freydin**    david.freydin@freydinlaw.com, vincent@freydinlaw.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Richard A. Saldinger**    saldinger@lsclegal.com
- **Samantha C San Jose**    ssanjose@raslg.com

**Mail Service List**

- Jacob Bletnitsky,1400 S Michigan Ave, Unit 2801, Chicago, IL 60605-3731
- 7880 N Lincoln LLC,c/o Hans Kebritchi,6109 N Kilbourn Ave., Chicago, IL 60646-5019
- American Express National Bank , c/o Becket and Lee LLP, PO Box 3001, Malvern  PA 19355-0701
- Amex ,Correspondence/Bankruptcy, PO Box 981540,El Paso, TX 79998-1540
- Bank Of America, 4909 Savarese Circle, Fl1-908-01-50,Tampa, FL 33634-2413
- Bank of America, Attn: Bankruptcy,4909 Savarese Circle, Tampa, FL 33634-2413
- Bank of America, N.A., PO Box 673033, Dallas, TX 75267-3033
- Capital One, Attn: Bankruptcy, P.O. Box 30285, Salt Lake City, UT 84130-0285
- Capital One N.A., by American InfoSource as agent,4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901
- Citibank ,Attn: Bankruptcy, P.O. Box 790034,St Louis, MO 63179-0034
- Citibank, N.A. ,5800 S Corporate Pl, Sioux Falls, SD  57108-5027
- Citibank/The Home Depot ,Citicorp Credit Srvs/Centralized Bk dept, PO Box 790034,St Louis, MO 63179-0034
- Department of Treasury, Bureau of the Fiscal Service - SBA,PO BOX 830794,Birmingham, AL 35283-0794
- Felix Friedman ,1400 S Michigan #2406, Chicago, IL 60605-3730
- GNP Management Group ,430 N Michigan Ave, Chicago, IL 60611-4087
- Harley Davidson Financial, Attn: Bankruptcy, PO Box 22048,Carson City, NV 89721-2048
- ILLINOIS DEPARTMENT OF REVENUE, BANKRUPTCY UNIT, PO BOX 19035, SPRINGFIELD IL 62794-9035
- Internal Revenue Service, PO BOX 7346, Philadelphia, PA 19101-7346

4880-1582-3685

- JB Capital ,7880 Lincoln Ave., Skokie, IL 60077-3645
- JPMORGAN CHASE BANK, N A, BANKRUPTCY MAIL INTAKE TEAM,700 KANSAS LANE FLOOR 01, MONROE LA 71203-4774
- JPMorgan Chase Bank, N.A. , s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013
- Leaf Capital Funding LLC, 2005 Market St, 14th Floor, Philadelphia, PA 19103-7009
- M1 Land Investments, LLC, c/o Bryan Cave Leighton Paisner LLP,161 N Clark St, Suite 4300,Chicago, IL 60601-3315
- Mercedes-Benz Financial Services ,Attn: Bankruptcy Dept, PO Box 685,Roanoke, TX 76262-0685
- Mercedes-Benz Financial Services USA LLC, c/o BK Servicing, LLC, PO Box 131265, Roseville, MN 55113-0011
- RAS Crane & Partners, PLLC,10700 Abbott's Bridge, Suite 170, Duluth, GA 30097-8461
- Selene Finance LP, PO BOX 422039, Houston, TX 77242-4239
- Serge Burashko c/o Edward M. Rothschild, Vernon Hills, IL 60061
- Stefen Lippitz, c/o Richard Saldinger, Landsman Saldinger Carroll, 161 N. Clark, Suite 1600, Chicago, IL 60601
- Stefen Lippitz c/o Douglas C. Giese - Markoff Law,29 N Wacker Drive #1010, Chicago, IL 60606-3203
- U.S. Bank Trust National Association, c/o Robertson, Anschutz, Schneid, Crane, Partners, PLLC, Authorized Agent for Secured Creditor,10700 Abbotts Bridge Rd, Suite 170,Duluth, GA 30097-8461
- U.S.Bank Trust National Association, not in ,Robertson, Anschutz, Schneid, Crane & Pa,10700 Abbott's Bridge Rd, suite 170,Duluth, GA 30097-8461
- Boris Parad, Esq., Parad Law Offices, 910 Skokie Boulevard, Suite 109, Northbrook, IL 60062

3

4880-1582-3685

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 22-10701 |
| Jacob Bletnitsky, | ) | Honorable Jacqueline P. Cox |
| | ) | Hearing Date: Tues. Jan. 17, 2023 |
| Debtor. | ) | at 1:00 p.m. |

## TRUSTEE'S MOTION FOR AUTHORITY TO SELL DEBTOR'S AND ESTATE'S RIGHT, TITLE AND INTEREST IN COUNTERCLAIM

Norman B. Newman, solely in his capacity as chapter 7 trustee for the chapter 7 bankruptcy estate of Jacob Bletnitsky (the "***Trustee***"), brings this motion (the "***Motion***") for authority to sell the Debtor's and Estate's right, title and interest in a certain counterclaim. In support of this Motion, the Trustee states:

### JURISDICTION & VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. §1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested in this motion are §§ 105(a) and 363(b) of title 11 of the United States Code (the "***Bankruptcy Code***").

### BACKGROUND

3. On June 24, 2019, Dr. Stefen Lippitz ("***Lippitz***"), filed a lawsuit (the "***Lawsuit***") against the Debtor in the Circuit Court of Cook County, Illinois (the "***State Court***"), case number 2019 L 006974. The Debtor subsequently filed a counterclaim (the "***Counterclaim***") against Lippitz in the Lawsuit.

4. On May 6, 2022, following a four-day bench trial, the State Court entered judgment

in favor of Lippitz and against the Debtor on both Lippitz's claims against the Debtor and the Debtor's Counterclaim. On June 6, 2022, the State Court entered an amended final judgment order, again in favor of Lippitz and against the Debtor on both Lippitz's claims against the Debtor and the Debtor's Counterclaim. On August 12, 2022, the State Court entered an order denying the Debtor's post-trial motion to modify the State Court's judgment order.

5. On September 8, 2022, the Debtor filed a Notice of Appeal (the "*Appeal*") of the State Court's June 6, 2022 judgment and August 12, 2022 order. The Appeal is now pending in the Illinois First District Appellate Court, appeal number 1-22-1379.

6. On September 19, 2022 (the "*Petition Date*"), the Debtor filed a voluntary chapter 7 bankruptcy petition (the "*Petition*") [Dkt. 1], and the Trustee was thereafter appointed Chapter 7 Trustee for the case, qualified, and continues to serve.

7. On October 19, 2022, the Debtor appeared for examination at a § 341 meeting of creditors.

8. The Debtor disclosed the Lawsuit, his Counterclaim, and the Appeal in his Statement of Financial Affairs ("*SOFA*") [Dkt. 1], Amended SOFA [Dkt. 30], Amended Schedules A/B [Dkt. 29], and at his § 341 meeting.

9. The Counterclaim became an asset of the Debtor's bankruptcy estate (the "*Estate*") upon the filing of his Petition.

10. The Counterclaim is specific to the parties to the Lawsuit. Accordingly, the Trustee asked the Debtor and Lippitz whether either party was interested in acquiring it.

11. Lippitz was the only party to make an offer. He offered to acquire the Counterclaim from the Trustee for a cash payment of $7,500, as more fully described in the letter from his attorney attached hereto as **Exhibit A** (the "*Lippitz Offer*").

2

12. The Trustee accepted the Lippitz Offer, subject to this Court's approval. (Ex. A).

13. The Trustee believes that selling the Debtor's and Estate's interest in the Counterclaim is beneficial to the estate because it maximizes the Debtor's best chance of recovery regarding its claims. Additionally, upon investigation, the Trustee estimates there is a low chance that the Debtor's Appeal will prevail, and that the Trustee would have to expend substantial resources to prosecute the Appeal and Counterclaim with little chance of realizing a recovery.

### RELIEF REQUESTED

14. Section 363(b) of the Bankruptcy Code provides that the Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). To approve the use, sale or lease of property outside the ordinary course of business, the Court need only determine that the Trustee's decision is supported by "some articulated business justification." *See, e.g., Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *see also Stephens Ind., Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Abbott Dairies, Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999*); In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991). Because the Trustee has exercised sound business judgment in negotiating a sale of the Debtor's and Estate's right, title and interest in the Counterclaims, and the Lippitz Offer represents the highest and best offer for these assets, this Court should grant the relief requested herein. *Accord Schipper*, 933 F.2d at 515; *Lionel Corp.*, 722 F.2d at 1071; *Delaware Hudson Ry. Co.*, 124 B.R. at 179.

15. In articulating a valid business justification for the sale or disposition of an estate asset, a trustee's or debtor's business judgment is given deference by courts akin to the

presumption that, in making certain decisions, the directors of a corporation acted on an informed basis, in good faith and in honest belief that the course of action was in the best interests of the company. *In re S.N.A. Nut Company*, 186 B.R. 98 (Bankr. N.D. Ill. 1995); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) (a presumption of reasonableness attaches to a Debtor's management decisions).

16. Selling the Debtor's and Estate's Counterclaim to Lippitz constitutes a sound exercise of the Trustee's business judgment. Absent the proposed sale, the Trustee will not be able to dispose of the asset in a timely, cost-efficient manner, and would be forced to abandon the asset in lieu of further marketing it for sale. The Trustee believes that the Lippitz Offer is the best possible outcome.

*Wherefore*, the Trustee requests that the Court enter an order, substantially in the form attached to this motion: (a) authorizing the Trustee to accept the Lippitz Offer and sell the Debtor's and Estate's right, title, and interest in the Counterclaim for the sum of $7,500.00 subject to all liens, claims and encumbrances, as is where is with no representations or warranties by the Trustee; (b) authorizing the Trustee to take such additional actions and execute such additional documents as reasonably may be necessary to consummate the sale of the Counterclaim to Lippitz; and (c) granting such other or further relief as the Court deems appropriate under the circumstances.

4

Date: December 21, 2022   *Norman B. Newman, solely as Trustee for the bankruptcy estate of Jacob Bletnitsky*

By: /s/ Norman B. Newman
      One of His Attorneys

Norman B. Newman (IL No. 2045427)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
nnewman@sfgh.com

4880-1582-3685